UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Mavrix Photo, Inc., | ) | Case No. **CV 10-7413-VBF(FMOx)** |
| Plaintiff, | ) | |
| v. | ) | **STANDING ORDER** |
| Fanpop, Inc., et al., | ) | |
| Defendants. | ) | |
| _____ | ) | |

   This case has been assigned to the calendar of Judge Valerie Baker Fairbank. Read this order carefully. It controls this case and adds to the Local Rules in some respects. IT IS SO ORDERED:

1. **SERVICE.**

   Counsel for Plaintiff shall immediately serve this order on all parties. If this case was removed from state court, the defendant who removed the case shall immediately serve this order on all other parties.

2. **GENERAL MATTERS.**

   a.   **Compliance with FRCP, Local Rules, and Standing Orders.** At all stages of the proceedings, the parties and counsel are expected to comply with the Federal Rules of Civil Procedure ("FRCP"), Local Rules and this Court's orders. Counsel are referred to the Court's website for further information regarding procedures. See www.cacd.uscourts.gov > Judges' Procedures and Schedules > Hon.

Valerie Baker Fairbank. Counsel are further advised to review and adhere to the Central District's Civility and Professionalism Guidelines.

    b. **Communications with Chambers.** Counsel shall not attempt to contact the Court or chambers staff unless responding to an inquiry they initiated. Counsel may contact the courtroom deputy clerk with appropriate inquiries (213-894-0066). To facilitate communication with the courtroom deputy clerk, counsel should list their e-mail addresses, facsimile number, and telephone number on all papers. See L.R. 11-3.8.

    c. **Mandatory Chambers Copies.** Conformed mandatory chambers copies of all papers filed with the Court, including those filed electronically, shall be delivered on the next day of filing, by 12 noon, to the drop box outside the Chambers of Judge Valerie Baker Fairbank. The Judge's Chambers are located at the end of the hallway, past the courtroom**.**

    d. **Presence of Responsible Counsel.** The attorney attending any proceeding before this Court must be an attorney who is thoroughly knowledgeable about the case, responsible for the conduct of the litigation, and who has authority to enter into stipulations and to make admissions.

    e. **Telephonic Appearances.** The Court believes it is productive for counsel to appear personally at motion hearings and Scheduling Conferences. An attorney requesting a telephonic appearance should file and serve a written notice of telephonic appearance at the earliest possible date, but no later than five days prior to the scheduled hearing or conference, absent an emergency.

3. **PARTIES' 26(f) PLANNING MEETING.**

Counsel shall adhere to FRCP 26. No later than 14 days before the date of the Scheduling Conference, counsel for all appearing parties and/or all unrepresented appearing parties shall file a joint "Report of the Parties Planning Meeting." This report shall address the subjects in Rule 26(f)(1) – (4) and the following:

    a. **Jurisdiction.** The basis for subject matter jurisdiction.

    b.   **Claims and Defenses.** The report shall include a concise statement of the factual and legal basis of the claims and defenses.

    c.   **Discovery Cut-Off.**  The report shall propose a date by which all discovery shall be completed.  If the parties anticipate calling expert witnesses, they shall propose a schedule for the completion of discovery directed at expert witnesses.

    d.   **Trial Matters.**  The report shall propose dates for the Final Pre-Trial Conference and Trial; a realistic estimate of the number of court dates required to present each side's case-in-chief; and whether trial is to be by jury or the Court.

    e.   **Anticipated Problems.**  The report shall address major procedural or evidentiary problems, if any.

    f.   **Settlement.**  The report shall address prospects of settlement and propose a date and procedure for compliance with Local Rule 16-15.

4.   **DISCOVERY.**

    a.   **Compliance with Rule 26(a) & (f)**.  The Court expects and orders that counsel participate in the meeting required by Rule 26(f) as soon as possible, and that initial disclosures be made promptly after that meeting and before the Scheduling Conference set by the Court.  Rule 26(a)(1)(C).  Counsel are also directed to commence discovery promptly after their Rule 26(f) meeting, and if possible, before the Scheduling Conference.  Rule 26(d)(1).  It is advisable for counsel to begin discovery and conduct it actively at the earliest possible time because they will have limited time to complete discovery after the Court's Rule 26(f) Scheduling Conference.  Early meeting, disclosure and discovery is particularly important in certain cases such as class actions where Local Rule 23-3 requires that within 90 days after service of a pleading purporting to commence a class action, the proponent shall file a motion for certification, unless otherwise ordered by the Court.

    b.   **Discovery Motions**.  All discovery disputes have been referred to the assigned magistrate judge.  All discovery documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing.  Counsel should

3

contact the magistrate judge's courtroom deputy clerk to schedule hearings. Counsel should not deliver courtesy copies of discovery-related documents to this Court.

5. **EX PARTE APPLICATIONS.**

Ex parte applications are solely for extraordinary relief and are rarely justified. See Mission Power Engineering Co. v. Continental Casualty Co., 883 F. Supp. 488 (C.D. Cal. 1995). Applications must be filed in the Clerk's office. Ex parte applications are normally considered on the papers. Applications that fail to conform to Local Rules 7-19 and 7-19.1, including a statement of opposing counsel's position, will not be considered except on a specific showing of good cause.

In addition to the requirements of Local Rules 7-19 and 7-19.1, the moving party shall, following service of the ex parte papers by facsimile transmission or personal service, notify the opposition that opposing papers must be filed no later than twenty-four hours (1 court day) following service, except in cases where the opposing party has not previously appeared (i.e. responded to the Complaint). In those cases where the opposing party has not previously appeared, the moving party shall, following service of the ex parte papers by facsimile or personal service, notify the opposition that opposing papers must be filed no later than forty-eight hours (2 court days) following service.

6. **CASES REMOVED FROM STATE COURT**.

All documents filed in state court, including documents appended to the complaint, answers and motions, must be refiled in this Court as a supplement to the notice of removal, if not already included. See 28 U.S.C. § 1447(a) and (b). If, before the case was removed, a motion was pending in state court, it must be re-noticed in accordance with Local Rule 7. If an action removed to this Court contains a form pleading, i.e. a pleading in which boxes are checked, the party or parties that filed the form pleading must file an appropriate pleading with this Court within 30 days of receipt of the notice of removal.

//

7. **PATENT CASES.**

With minor modifications, the Court follows the Northern District of California Patent Local Rules (version effective 3/1/2008) in all patent cases. Counsel are referred to the Court's website for more information and a modified copy of the Rules.  See www.cacd.uscourts.gov > Judges' Procedures and Schedules > Hon. Valerie Baker Fairbank.

8. **FICTITIOUSLY NAMED DEFENDANTS.**

This Court adheres to the following procedures when a matter is removed to this Court on diversity grounds with fictitiously named defendants referred to in the complaint.  See 28 U.S.C. §§ 1441(a) and 1447.  Plaintiff shall ascertan the identity of and serve any fictitiously named defendants before the Scheduling Conference. Doe defendants not served by the date of the Scheduling Conference will be deemed dismissed.

9. **GENERAL MOTION REQUIREMENTS.**

   a. **Time for Hearing Motions**.  Motions shall be filed in accordance with Local Rule 7.  Motion dates need not be reserved in advance.  This Court hears motions on Mondays at 1:30 p.m.

   b. **Pre-filing Requirement**.  Counsel must comply with Local Rule 7-3, which requires counsel to engage in a pre-filing conference "to discuss thoroughly ... the substance of the contemplated motion and any potential resolution."

   c. **Length and Format of Motion Papers**.  Memoranda of points and authorities in support of or in opposition to motions shall not exceed 25 pages. Replies shall not exceed 12 pages.  Only in rare instances and for good cause will the Court grant an application to extend these page limitations.  If documentary evidence in support of or in opposition to a motion exceeds 50 pages, the Court's mandatory chambers copy of all evidence shall be placed in a binder, including a Table of Contents, with each item of evidence separated by a tab divider.  Typeface shall comply with Local Rule 11-3.1.1.  Footnotes shall be in typeface no less than one

size smaller than text size.

    d.    **Calendar Conflicts**.  Counsel are to inform opposing counsel and the courtroom deputy clerk as soon as a potential calendar conflict is discovered.  Counsel should attempt to agree on a proposed date to accommodate the calendar conflict and the schedules of the counsel and the Court.

    e.    **Requests to Take Matters Off-Calendar.**  Requests to continue a motion or to take it off-calendar must be communicated to the courtroom deputy clerk as soon as possible.  For example, if a case settles, the courtroom deputy clerk should be notified immediately so as to avoid the waste of judicial time and resources.

10.    **SPECIFIC MOTION REQUIREMENTS.**

    a.    **Motions Pursuant to Rule 12**.  Many motions to dismiss or to strike can be avoided if the parties confer in good faith, especially for perceived defects in a complaint, answer or counterclaim that could be corrected by amendment.  Moreover, a party has the right to amend the complaint "once as a matter of course" before a responsive pleading is served.  FRCP 15(a)(1).  A Rule 12(b)(6) motion is not a responsive pleading and therefore plaintiff might have a right to amend.  See <u>St. Michael's Convalescent Hospital v. California</u>, 643 F.2d 1369, 1374 (9th Cir. 1981).  Even after a complaint has been amended or a responsive pleading has been served, the Federal Rules provide that leave to amend should be freely given "when justice so requires."  FRCP 15(a)(2).  These principles require that plaintiff's counsel should carefully evaluate defendant's contentions as to the deficiencies in the complaint and the moving party should agree to any amendment that would cure the defect.

    b.    **Applications and Stipulations to Extend Time.**  Applications to extend the time to file any required document or to continue any hearing, Final Pre-Trial Conference or Trial must set forth: (1) the existing due date or hearing date, as well as the discovery cut-off date, the Final Pre-Trial Conference date, and the Trial date; (2) specific, concrete reasons showing good cause for the extension; and

(3) whether there have been prior requests for extensions and whether these requests were granted or denied by the Court.

      c.    **Submission of Documents for Judge's Signature to Chambers via Email.**  All applications and stipulations shall be accompanied by a proposed order. After the application/stipulation and proposed order have been filed electronically, counsel shall email the PDF version of the application/stipulation and a WordPerfect or Microsoft Word version of the proposed order to chambers at vbf_chambers@cacd.uscourts.gov.  The subject line of the email should include the case name and case number.

DATED: October 6, 2010

                                        */s/ Valerie Baker Fairbank*
                                        VALERIE BAKER FAIRBANK
                                        United States District Judge