Peter R. Afrasiabi, Esq. (Bar No. 193336)
    pafrasiabi@onellp.com
Christopher W. Arledge, Esq. (Bar No. 200767)
    carledge@onellp.com
John Tehranian, Esq. (Bar No. 211616)
    jtehranian@onellp.com
**ONE LLP**
4000 MacArthur Blvd.
West Tower, Suite 1100
Newport Beach, CA 92660
Telephone:  (949) 502-2870
Facsimile:   (949) 258-5081

Attorneys for Plaintiff
Mavrix Photo, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAVRIX PHOTO, INC., a Florida corporation,<br><br>        Plaintiff,<br><br>v.<br><br>FANPOP, INC., a Corporation; and DOES 1-10 INCLUSIVE,<br><br>        Defendants. | Case No.  CV10-7413 VBF (FMOx)<br>Hon. Valerie Baker Fairbank<br><br>**PROTECTIVE ORDER** |

///

///

## I. DEFINITIONS

1. As used in this Protective Order,

    a. "Designating Party" means any Person who designates Material as Confidential Material.

    b. "Discovering Counsel" means counsel of record for a Discovering Party.

    c. "Discovering Party" means the Party to whom Material is being Provided by a Producing Party.

    d. "Confidential Material" means any material designated as CONFIDENTIAL or, where appropriate, ATTORNEYS' EYES ONLY, in accordance with the terms of this Protective Order.

    e. "Material" means any document, testimony or information in any form or medium whatsoever, including, without limitation, any written or printed matter, Provided in this action by a Party, or Non-Party, before or after the date of this Protective Order.

    f. "Non-Party" means a Person who is not a Party.

    g. "Party" means the Parties to this action.

    h. "Person" means any individual, corporation, partnership, unincorporated association, governmental agency, or other business or governmental entity whether a Party or not.

    i. "Producing Party" means any Person who Provides Material during the course of this action.

    j. "Provide" means to produce any Material, whether pursuant to request or process.

## II. CONFIDENTIAL DESIGNATION

2. A Producing Party may designate as "CONFIDENTIAL" any Material Provided to a Party which contains or discloses any of the following:

1

[PROPOSED] PROTECTIVE ORDER

363839

     a.    The term "Confidential Information" shall be interpreted to mean the information set forth in the Parties' Good Cause Statement in the Stipulated Protective Order submitted concurrently herewith, specifically:  financial information of privately held companies; private communications with non-party members and subscribers; internal administrative tools and documents; and proprietary metrics and analytics/demographics, all including but not limited to the Parties' trade secrets; information about existing and potential members and subscribers; marketing studies, strategies, performance, and projections relating to the Parties' competitive advantage; business strategies, decisions and/or negotiations with third parties unrelated to this action; compensation of the Parties' principals and employees; evaluations and other employment information unrelated to this action; confidential and proprietary information about the Parties' privately held affiliates, parents and subsidiaries; confidential information about third parties with whom the Parties to this action have had business relationships with the expectation of privacy pursuant to agreements or contracts with the Parties; and

     b.    Material that the Party is under a duty to preserve as confidential under an agreement with or other obligation to another Person.

     c.    The Producing Party may designate as "ATTORNEYS' EYES ONLY," Materials that the Producing Party contends contains or discloses Materials which they in good faith believe to be of an extremely high degree of current commercial sensitivity and/or would provide a competitive advantage to its competitors if disclosed to them and/or is subject to privacy protection.

3.    A Producing Party shall stamp as CONFIDENTIAL or ATTORNEYS' EYES ONLY Materials which the Producing Party in good faith believes are entitled to protection pursuant to the standards set forth in Paragraph 2 of this Order. A Producing Party may designate Confidential Material for protection under this order by either of the following methods:

     a.    By physically marking it with the following inscription prior to Providing it to a Party:

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

or

ATTORNEYS' EYES ONLY SUBJECT TO PROTECTIVE ORDER

      b.    By identifying with specificity in writing to the Discovering Party any previously Provided Material which was not designated as Confidential Material prior to its having been Provided. For purposes of this method of designation, it will be a sufficiently specific identification to refer to the bates numbers or deposition page numbers of previously Provided Material. Where a Producing Party designates previously Provided Material as Confidential Material pursuant to this subparagraph, the Producing Party will follow the procedures set forth in the previous subparagraph for designating Confidential Material, and Provide to the Discovering Party additional copies of the previously Provided Material marked with the inscription described in the previous subparagraph. Upon receipt of the additional copies which comply with the procedures set forth in the previous subparagraph, the Discovering Party will immediately return to the Producing Party the previously Provided Material, or alternatively, will destroy all the previously Provided Material, at the option of the Producing Party. For previously Provided Material which was not designated as Confidential Material at the time of its being Provided, this Protective Order shall apply to such Materials beginning on the date that the Producing Party makes such designation.

      c.    The designation of documents as "Confidential" or "Attorneys' Eyes Only" does not entitle the parties to have those documents filed under seal. An application, including a stipulated application to file documents under seal, must comply with Local Rule 79-5.

      d.    Inadvertent failure to designate material as "Confidential" or "Confidential--For Attorneys' Eyes Only" under this Order shall not operate as waiver of the Party's right to subsequently designate such material as "Confidential" or "Confidential--For Attorneys' Eyes Only."

e. Non-Parties who produce documents or materials or provide testimony in connection with this action, whether in response to a subpoena or otherwise, shall produce such documents or materials and/or testify pursuant to the protections afforded by this Order by complying with paragraph 2 above.

## III. RESTRICTION ON USE OF CONFIDENTIAL MATERIAL

4. Confidential Material designated as CONFIDENTIAL shall not be disclosed, nor shall its contents be disclosed, to any person other than those described in Paragraph 8 of this Protective Order and other than in accordance with the terms, conditions and restrictions of this Protective Order. Confidential Material designated as ATTORNEYS' EYES ONLY shall not be disclosed, nor shall its contents be disclosed to any person other than those described in Paragraph 9 of this Protective Order. To the extent that Confidential Materials are or become known to the public through no fault of the Discovering Party, such Confidential Materials shall no longer be subject to the terms of this Protective Order.

5. Confidential Material Provided by a Producing Party to a Discovering Party shall not be used by the Discovering Party or anyone other than the Producing Party, specifically including the persons identified in Paragraphs 8 or 9 as appropriate, for any purpose, including, without limitation any personal, business, governmental, commercial, publicity, public-relations, or litigation (administrative or judicial) purpose, other than the prosecution or defense of this action.

6. All Confidential Material shall be kept secure by Discovering Counsel and access to Confidential Material shall be limited to persons authorized pursuant to Paragraphs 8 or 9 of this Protective Order.

7. The scope of this Order shall be understood to encompass not only those items or things which are expressly designated as Confidential Information, but also any information derived therefrom, and all copies, excerpts, and summaries thereof, as well as testimony and oral conversation derived therefrom or integrally related thereto.

8. For purposes of the preparation of this action, and subject to the terms, conditions, and restrictions of this Protective Order, Discovering Counsel may disclose Material designated as CONFIDENTIAL, and the contents of Material designated as CONFIDENTIAL, only to the following persons:

    a. Counsel of record working on this action on behalf of any party and counsel's employees who are directly participating in this action, including counsel's partners, associates, paralegals, assistants, secretaries, and clerical staff;

    b. Individual Parties, and those officers, directors or employees of the corporate Parties to this litigation, including their parents, subsidiaries, affiliates and insurers, who are reasonably necessary to assist counsel in this litigation;

    c. Court and deposition reporters and their staff;

    d. The Court and any Person employed by the Court whose duties require access to Material designated as CONFIDENTIAL;

    e. Non-party experts and consultants assisting counsel with respect to this action and their secretarial, technical and clerical employees who are actively assisting in the preparation of this action;

    f. Photocopy service personnel who photocopied or assisted in the photocopying or delivering of documents in this litigation;

    g. Any Person identified on the face of any such Material designated as CONFIDENTIAL as an author or recipient thereof;

    h. Any Person who is determined to have been an author and/or previous recipient of the Material designated as CONFIDENTIAL, but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the Material designated as CONFIDENTIAL by such Person;

    i. A witness at any deposition or other proceeding in this action, during the course of their testimony, whom counsel for a Party legitimately believes has knowledge of the contents of the Material designated CONFIDENTIAL or the specific

events, transactions, discussions, or data reflected in the Material, and upon the witness being advised of the need and agreeing to keep the Material confidential;

   j. Mediators; and

   k. Any Person who the Parties agree in writing may receive Material designated as CONFIDENTIAL.

 The Parties shall make a good faith effort to limit dissemination of Material designated as CONFIDENTIAL within these categories to Persons who have a reasonable need for access thereto.

 9. For purposes of the preparation of this action, and subject to the terms, conditions, and restrictions of this Protective Order, the Discovering Counsel may disclose Material designated as ATTORNEYS' EYES ONLY, and the contents of Material so designated, only to the following persons:

   a. Counsel of record for the Parties to this action and counsel's employees who are directly participating in this action, including counsel's partners, associates, paralegals, assistants, secretarial, and clerical staff;

   b. Court and deposition reporters and their staff;

   c. The Court and any person employed by the Court whose duties require access to Material designated as ATTORNEYS' EYES ONLY;

   d. Non-party experts and consultants assisting counsel with respect to this action and their secretarial, technical and clerical employees who are actively assisting in the preparation of this action;

   e. Any Person identified on the face of any such Material designated as ATTORNEYS' EYES ONLY as an author or recipient thereof;

   f. Any Person who is determined to have been an author and/or previous recipient of the Material designated as ATTORNEYS' EYES ONLY, but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the Material designated as ATTORNEYS' EYES ONLY by such Person; and

    g. Any Person who the Parties agree in writing may receive Material designated as ATTORNEYS' EYES ONLY.

    h. The Parties agree to treat as confidential any information produced by a third party if (i) the third party has marked the documents or things produced as confidential or otherwise designated the information as confidential in the manner set forth in this Protective Order and (ii) the documents or things produced fall within the definition of Confidential Information.

 The Parties shall make a good faith effort to limit dissemination of Material designated as ATTORNEYS' EYES ONLY within these categories to Persons who have a reasonable need for access thereto.

## IV. UNDERTAKING TO BE BOUND BY PROTECTIVE ORDER

 10. Before Discovering Counsel may disclose Confidential Material to any Person described in subparagraphs 8(b), (e), (g), (h), (i) or (k), or 9(d), (e), (f) or (g) above, the Person to whom disclosure is to be made shall receive a copy of this Protective Order, shall read it, shall evidence his or her agreement to be bound by the terms, conditions, and restrictions of the Protective Order by signing an undertaking in the form attached hereto as **Exhibit A** (the "Undertaking"), and shall retain the copy of this Protective Order, with a copy of his or her signed Undertaking attached. Discovering Counsel shall keep a copy of the signed Undertaking for each person described in subparagraphs 8(b), (e), (g), (h), (i) or (k), or 9(d), (e), (f) or (g) to whom Discovering Counsel discloses Confidential Material. A copy of the signed Undertaking shall be served on all Producing Parties in this action upon request.

## V. DEPOSITIONS

 11. Those portions of depositions taken by any Party at which any Material designated as CONFIDENTIAL is used or inquired into, may not be conducted in the presence of any Person(s) other than (a) the deposition witness, (b) his or her counsel, and (c) Persons authorized under Paragraph 8 of this Protective Order to view such Confidential Material. During those portions of depositions in which Material designated

ATTORNEYS' EYES ONLY is used or inquired into, only those persons authorized under Paragraph 9 to view such Materials may be present.

12. Counsel for any deponent may designate testimony or exhibits as Confidential Material by indicating on the record at the deposition that the testimony of the deponent or any exhibits to his or her testimony are to be treated as Confidential Material. Counsel for any Party may designate exhibits in which that Party has a cognizable interest as Confidential Material by indicating on the record at the deposition that such exhibit(s) are to be treated as Confidential Material. Failure of counsel to designate testimony or exhibits as confidential at deposition, however, shall not constitute a waiver of the protected status of the testimony or exhibits. Within thirty calendar days of receipt of the transcript of the deposition, or thirty days of the date on which this Protective Order becomes effective, whichever occurs last, counsel shall be entitled to designate specific testimony or exhibits as Confidential Material. If counsel for the deponent or Party fails to designate the transcript or exhibits as Confidential Material within the above-described thirty day period, any other Party shall be entitled to treat the transcript or exhibits as non-confidential material, unless the exhibit was previously marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." For purposes of this Paragraph 12, this Protective Order shall be deemed "effective" on the date on which it has been executed by all counsel for the Parties.

13. When Material disclosed during a deposition is designated Confidential Material at the time testimony is given, the reporter shall separately transcribe those portions of the testimony so designated, shall mark the face of the transcript in accordance with Paragraph 3 above, and shall maintain that portion of the transcript or exhibits in separate files marked to designate the confidentiality of their contents. The reporter shall not file or lodge with the Court any Confidential Material without obtaining written consent from the Party who designated the Material as Confidential Material. For convenience, if a deposition transcript or exhibit contains repeated references to Confidential Material which

cannot conveniently be segregated from non-confidential material, any Party may request that the entire transcript or exhibit be maintained by the reporter as Confidential Material.

## VI. USE OF CONFIDENTIAL MATERIAL IN PLEADINGS AND OTHER COURT PAPERS

14. In accordance with Local Rule 79-5.1, in applications and motions to the Court, all submissions of Designated Material shall be filed with the Court in sealed enclosures on which shall be affixed the title of the particular action, the title of the document, the word "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and a statement substantially in the following form:

> "THIS ENVELOPE CONTAINS MATERIALS SUBJECT TO A PROTECTIVE ORDER ENTERED IN THIS ACTION. IT IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED OR MADE PUBLIC, EXCEPT BY ORDER OF THE COURT."

## VII. OBJECTIONS TO DESIGNATION

15. Any Party may at any time notify the Designating Party in writing of its contention that specified Material designated as Confidential Material is not properly so designated because such Material does not warrant protection under applicable law. The Designating Party shall meet and confer under Local Rule 37-1 in good faith with the Party challenging the designation in an attempt to resolve such dispute. The Designating Party may later file a motion under Local Rule 37 to uphold the designation of the material in question. Pending resolution of any such motion, all Persons bound by this Protective Order shall continue to treat the Material which is the subject of the motion as Confidential Material. If the Parties want to file the Joint Stipulation required by Local Rule 37 under seal, the Parties may file a stipulation to that effect or the moving party may file an ex parte application making the appropriate request. The Parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal.

16. Any discovery disputes concerning the designation of materials or disclosure of documents or information under this Protective Order shall be brought in compliance with Local Rule 37 and a proposed stipulated protective order should so provide.

## VIII. INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL

17. If a Party inadvertently produces material that it considers to be protected by the attorney-client privilege, the work product doctrine or any other privileges or doctrines of similar effect, in whole or in part, or learns of the production of such material by a third party, the Party may retrieve such information as follows:

    a. Within five (5) court days of the date of discovery by a Party of the inadvertent production by it or a third party, the Party asserting that an inadvertent production has occurred must give written notice to all other Parties that the Party claims the material, in whole or in part, is privileged or protected material; in addition, the notice must state the nature of the privilege or protection and the basis for asserting it.

    b. Upon receipt of such notice, any Party who has received the subject documents or material shall promptly return all copies to the Party asserting inadvertent production. In the event that only a part of a document is claimed to be privileged or protected, the Party asserting inadvertent production shall furnish to the other Parties who have received the document a redacted copy of such document, removing only the part(s) thereof claimed to be privileged or protected, together with such written notice.

    c. Any disputes relating to this Order shall be resolved pursuant to Local Rule 37. Any Party who has received the subject documents or material may contest the claim of privilege or inadvertence by filing a motion contesting the claim within ten (10) court days of receiving the notice under subparagraph (a) above. In making or opposing any motion relating to the designation of confidential information or to a claim of privilege or inadvertence, the party seeking to maintain a document as confidential shall bear the burden of showing specific prejudice or harm will result if no protective order is granted. During the pendency of such motion, the receiving Party need not return all copies of the produced documents or material to the Party asserting inadvertent production; however, the

receiving Party may not use or disclose the material for any purpose other than prosecution of the motion challenging the privilege or protection claim.

   d. The provisions of the above subparagraphs are without prejudice to any other rights that any Party may have with respect to challenging or defending any claim of privilege.

   e. Nothing in this Order shall be construed as requiring disclosure of privileged materials, materials subject to protection under the work product doctrine, or materials which are otherwise beyond the permissible scope of discovery.  This Order is intended to provide a mechanism for the handling of Confidential Information to which there is not objection to producing or disclosing other than as to its confidentiality.

## IX. RETURN OF MATERIAL UPON TERMINATION OF LAWSUIT

  18. Within ninety (90) calendar days after the final settlement or termination of this action, Discovering Counsel shall return or destroy (at the option and expense of Discovering Counsel) all Materials provided by a Producing Party and all copies thereof except to the extent that any of the foregoing includes or reflects Discovering Counsel's work product, and except to the extent that such Material has been filed with a court in which proceedings related to this action are being conducted.  In addition, with respect to any such retained work product and unless otherwise agreed to, at the conclusion of this action, counsel for each Party shall store in a secure area all work product which embodies Confidential Material together with all of the signed undertakings they are required to preserve pursuant to Paragraph 10 above, and shall not make use of such Material except in connection with any action arising directly out of these actions, or pursuant to a court order for good cause shown.  The obligation of this Protective Order shall survive the termination of this action.  This obligation, however, would be obviated should Discovering Counsel destroy such retained work product and signed undertakings.   Upon request, counsel for each Party shall verify in writing that they have complied with the provisions of this paragraph.

## X. SCOPE OF THIS ORDER

19. Not later than ten days before trial in the action, Counsel agree to meet and confer concerning the use at trial of Confidential Material.

20. Nothing in this Protective Order shall be deemed to limit, prejudice, or waive any right of any Party or Person (a) to resist or compel discovery with respect to, or to seek to obtain additional or different protection for, Material claimed to be protected work product or privileged under California or federal law, Material as to which the Producing Party claims a legal obligation not to disclose, or Material not required to be provided pursuant to California or other applicable law; (b) to seek to modify or obtain relief from any aspect of this Protective Order; (c) to object to the use, relevance, or admissibility at trial or otherwise of any Material, whether or not designated in whole or in part as Confidential Material governed by this Protective Order; or (d) otherwise to require that discovery be conducted according to governing laws and rules.

21. Designation of Material as Confidential Material on the face of such Material shall have no effect on the authenticity or admissibility of such Material at trial.

22. This Protective Order shall not preclude any Person from waiving the applicability of this Protective Order with respect to any Confidential Material Provided by that Person or using any Confidential Material Provided by that Person or using any Confidential Material owned by that Person in any manner that Person deems appropriate.

23. The restrictions set out in the Protective Order shall not apply to any Material which:

    a. At the time it is Provided is available to the public;

    b. After it is Provided, becomes available to the public through no act, or failure to act, of the Discovering Party; or

    c. The Discovering Party can show

        i. Was already known to the Discovering Party independently of receipt of the Confidential Material in this or prior litigation; or

12
363839                    [PROPOSED] PROTECTIVE ORDER

      ii.  Was received by the Discovering Party, after the time it was designated as Confidential Material hereunder, from a third party having the unrestricted right to make such disclosure.

24. If at any time any Material protected by this Protective Order is subpoenaed from the Discovering Party by any Court, administrative or legislative body, or is requested by any other Person or entity purporting to have authority to require the production of such material, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to the Producing Party with respect to Confidential Material sought and shall afford the Producing Party reasonable opportunity to pursue formal objections to such disclosures. If the Producing Party does not prevail on its objections to such disclosure, the Discovering Party may produce the Confidential Material without violating this Protective Order.

## XI.   SUBMISSION TO COURT

The Parties agree to submit this Protective Order to the Court for adoption as an order of the Court. The Parties reserve the right to seek, upon good cause, modification of this Protective Order by the Court.

IT IS SO ORDERED:

DATED: February 3, 2011            By: _____/s/_____
                                          Honorable Fernando M. Olguin
                                          United States Magistrate Judge

13
363839        [PROPOSED] PROTECTIVE ORDER

# EXHIBIT A

## UNDERTAKING TO BE BOUND BY THE PRETRIAL PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS

I, _____ [print or type full name], of _____ [print or type full address], declare that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California in the case of *Mavrix Photo, Inc. vs. FanPop, Inc.*, No. CV10-7413 VBF (FMOx).  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:        _____, 2011

City and State where signed:        _____

Signed:        _____        _____
               [Print Name]                  [Signature]